The court I'd like to reserve three minutes for rebuttal if I may Although there are multiple issues that exist on this appeal there is a central and I believe dispositive issue, which is whether or not landmark experienced any substantial prejudice as a result of Tai Shing's July 20 2015 request that appointed counsel withdraw And I think the facts are undisputed here Landmark did not even allege any existence of substantial prejudice Landmark presented no evidence of any such prejudice and even more importantly no such prejudice existed indeed the Hot case about which all these defense obligations turned on and concluded by the time District Court judge real had decided landmarks motion for summary judgment in September of 2018 Parks answering brief at page 39 Landmark says this it says this actual prejudice is a prejudice that landmark never encountered submit to you that that is a dispositive admission California law is very clear as to the breach of a breach of cooperation clause substantial prejudice Is a distinct and separate element from the claim of a breach of the duty of cooperation stands apart Substantial prejudice cannot be presumed. It must be proven and that burden is stands on the insurer The district court these basic tenants of California law Travelers matter and that matter was reversed and remanded And would it deem to be an interference right to control with the substantial prejudice element At page 39 that you referenced where you say there was a concession as to the actual prejudice requirement The Facts pattern of this case does not require it to make that showing. How do you respond? Oh This is we're not riding on a clean slate here as we know the panel in the travelers be Tice a matter already I Control does not equal Pattern that Tice a accepted counsel and allowed counsel appointed by both travelers and landmark for 20 months before Asked the appointed counsel to withdraw and moreover. It asked counsel to withdraw for what I would suggest was a disputed Factual issue as to whether or not that The appointed counsel had been actually providing defense It was obligated to provide and ensure under California law is required to provide a full and complete defense And it was not doing so that was the evidence presented to the district court and create a disputed issue material fact Which was not appropriate for decision under rule fix. So I don't think there's any way to marginalize the Health and the breadth of California case law That there was a mere interference in the Michael point counsel That's a insurer is substantially Hide I Her inherent prejudice, but again California law says California law says that there must be actual prejudice and it cannot be presumed This record the district court simply aired both by Denying what I say is motion to dismiss denying Tice a motion for partial summary judgment and grant And marks motion for summary It's an ignored factual issues There are a number of issues out there that Go beyond the substantial prejudice you for instance One of them is that at the point in time this decision was made at the declaratory relief cause of action Was a mood issue the underlying case of? Substantial controversy no present actual controversy on that issue at all The court simply got it wrong I'm committed air And a breach of duty of cooperation claim as an affirmative claim rather simply as a defense I think if you look at the case law in California under Campbell, California Supreme Court case or billing Mr. Court's decision in one Nick Lennar District a case that seems to have been followed Case Weber distribution out of the central district all saying that a breach of cooperation Claim is simply a defense that it ensure in put forward not in a front. Why can't it be a breach of contract claim? That being the cause of the contract that's allegedly breached I Think well the case law says it's not a breach of the contract claim No, I haven't seen case law Says that why isn't it? Well the one thing Back into the issue of where's the damages? No, that's that's no I hear that and that's an issue I suspect we'll explore with your colleague, but conceptually I don't understand why it can't be a breach of contract It's something that would be actionable as a breach of contract I don't know why that the cooperation clause is pulled out as if it's not part of the contract and wouldn't be subject I think the procedural posture of these cases may explain that because a factual pattern that simply is not going to arise So for instance in this case, what harm did landmark establish? Why would a insurer be claiming affirmatively Operationally really what it's looking for its defense obligations or its indemnity obligations so that It may be that you're you're grasping at something Because we're not peppering you with questions But I'm just focusing now on what I thought I heard you say and what I thought I saw in your brief Which is that this is an actionable? Suppose there are damages Look, but for the fact they wouldn't use our lawyer Different back pattern instead hired their own and competent hack and the guy lost the case and now we're facing this huge bill And that's all because they wouldn't Contract were entitled to judgment on that. I Don't understand any reason Actionable as a breach of contract assuming you can show causation and damages and all the other stuff The practical matter that claim would only be presented as a defense because if that if that scenario played out The insured would have lost the underlying case and be going against seeking some sort of indemnity To pay out of policy benefits and absent that kind of case of the insured going after the insurer After the insured in that scenario, so I think as a practical matter you simply don't see Offerings report cases have always been serious been presented as a defense A Small thing The district court committed error by not abstaining the in the first instance from even Case where there is it's a clear case of reactive forum shopping. There's a underlying case proceeding in the state court That involved state law issues involved landmark as a party If we take up abstention now What what's the status of the state court litigation state court litigation has been resolved Abstain to is there I think it's just another point of error. I guess Again we're not prepping you with questions on the key issues. I don't see what it leads to Okay, we can say the district court. Maybe should have done that a couple years ago. It didn't There's nothing we can do about Or should never reach this decision never should have reached the summary judgment motions never should have reached these cases at all Thank you First or for for judge Hellman good afternoon May it please the court? I think where it's important to begin here is that under California law and really for the law of Every state in America is with the duty to defend and the duty to defend is Mark and if not the most important aspect of the these types of policies and under the duty to defend there is There are hundreds if not thousands of cases talking about what an insurance company is required to do when a claim comes in They are required to Immediately if there is the potential of coverage they are required to appoint defense counsel Along with that duty to also is the right to defend and the issue Important is because that ultimately they will be responsible not only for the payment of defense costs, but potentially for indemnity payments and so the What happens is is that? That right to control let me jump ahead a little bit. There are lots of cases about this not many of the cases I Love because it's just not realistic to say each insurance Absolute right to control what happens unless that insurance carrier Responsible for what the result is Your client wasn't saying we'll be responsible for everything so we get The authority to control what everybody else does in a circumstance Not solely liable And it's excellent question your honor, and I would say that there is case law because of these large-scale construction situations where there are On board a lot of times there are multiple law firms that get brought on To defend the case and what ultimately happens is is that the the insurance companies end up working together and Working with the defense counsel, and that's what did not happen here because your client initially That process and then decided it was going to appoint somebody different And that's going to be the unilateral act that broke up what usually happens well Why does your client have the authority Your honor because I would disagree or lack In the sense that they are entitled. That's what the that's what the case law and the policy provides Stop right there stop right because you just explained to me and I Days dealt with some of those cases What happens which is that the carriers figure out how they're going to work together and share a defense and in this Apparently maybe not an agreement Your client that said no we're going to appoint different counsel, and you say it's not unilateral I don't see anybody else's fingerprints on that decision actually there was your honor Travelers had initially made the decision to appoint the leaf arm, and there was another insurance company I think it was arch and also joined and had also retained the leaf arm and We see how it's worked out for travelers This case be any different than what our panel did last year Because well first off your honor. I would disagree with the characterization of What the panel said because what the panel did it did not reverse and remand? What it did it vacated the decision Other travelers had been substantially prejudiced all we do the same thing Contrary to what counsel said at which he says in his brief There is ample evidence in the underlying record in our brief that landmark was absolutely substantially Prejudiced how what was the Let me ask you about that. Mr.. Whittington, so you make a lot out of the fact that Claimed that the leaf arm up to date and Depositions when in fact all of that stuff had gone to younger men What's the How does that help us? I'm not It's nice color, and it's nice to talk about. I'm not sure I understand the Relevance context yes, your honor what happened here was that the younger men firm? did not have the requisite experience in defending a case like this and And they ended up billing about 15 million dollars on a case that Did not warrant it and it was a big case But what ended up happening was? There were there was a call beforehand And this is part of the underlying record that where they were on board and multiple carriers made the determination that younger men wasn't Qualified to handle a case of this magnitude Then what happened was was younger men That the leaf firm appointed by travelers and landmark They were splitting up the work because it was such a large case They were splitting up the work and then The firm was sending its reports to the younger men firm so that they could put them together and send them on To the client what happened was was that mr.. Younger men, and I will say this as a matter of record Lied about the fact that those reports were not being received told I say that they weren't being received and somehow convinced I say to say Fire the leaf firm for not doing what it was so how does that Substantial prejudice of it your honor is the idea that the each carrier it ends up working out, but each carrier Each carrier is entitled to to make that determination So what happens is is that at the time? There is a breach of the duty, and this is the important point is that by firing defense counsel? Which is what they did they took away that right of the carrier to defend now I hear your honor judge Clifton your point about the fact of how this works together And and I understand it should be for us today. Is that each carrier does have that right? They didn't have the right to appoint separate counsel and it ended up. They were working together well Actually have the right. I was in court one day when the judge told multiple Separate carriers trying to represent the defendant it doesn't work that way Yeah, one defendee one defense you guys have to figure it out, but I'm not going to hear from three attorneys reporting to represent the same agree and Want to take a step beyond that because I'm what I think we really need to hear Not just theoretically What's the actual prejudice because California law does specify a requirement to show substantial prejudice? And what is it so? Number one is that the substantial prejudice law Came out of cases from about 50 years ago in first-party auto cases Are not is this aiming at tell me that there's not such a requirement in California law Are you going to eventually tell me what the substantial prejudice is? It's it's it's both your honor It's it's in the first instance. There is substantial prejudice Law, but that applies first off in first-party auto cases it applies in notice Okay Now in a separate context was the prejudice here The prejudice was was that the carrier my client? Had to use a defense counsel that it did not want to use The problem with that your honor is that what it does is the end and ended up having to pay $900,000 when that right of the duty to defend was abrogated by their Counselor, let me just cut but so I Point earlier. Are you trying to say if we remanded? It was required to pay $15 or in legal fees and it would have Or are you trying to say you don't have to Well, your honor they build 15 million in total split between about about a dozen carriers Overall is there some X number that you think you were damaged by understood and yes Your honor is the idea that that the council the reason I my client Did not want to use mr. Youngerman is That quite frankly, he didn't know what he was doing. He did not know how to handle these cases and Passive and they were not going to be able to get the information It required in order to make a determination down the line About indemnity and that is why when you take away that right? What is happening is is that the duty to defend they made a determination to fire the leaf firm? They made that determination based on the fact that they thought he wasn't doing a good job. Let's assume the firm wasn't That then puts the burden first off it abrogates all of the case law that says that a carrier is not an insurer of the quality of the work provided by They have to provide quality defense counsel which the lead firm was a dispute that they did anything wrong and the record shows that But even assuming they did The kid the insureds remedy in that situation is to sue the defense counsel for legal malpractice That it is not their remedy to fire them additionally even if Exposure excess of the limits which there wasn't here But even if there was that would let's say there was a reservation of rights Saying that if there is excess liability then Rights on that the insured would still not be able to retain its own counsel that is California case law So what is happening is is they're turning by doing this by saying we ty say Get to make a decision you have the duty and right to defend But you are allowed we ty say as an insured are allowed to simply fire the defense counsel That has been appointed and that was on the case for 20 months. They had no issue with it that all But to fire this this firm that takes away the carriers right and duty to defend Was about so now instead of it being a duty to defend policy it now becomes a substantial prejudice policy And To make this determination is Literally thrown out the door because they can fire them when they want to California case law requires a showing of substantial prejudice You may say that throws the case law you prefer out the door But the California case law says what it says and I'm still waiting to hear what actual substantial prejudice has been shown the actual substantial prejudice your honor is the $900,000 that they be right because your Have to show that the $900,000 was an excess of what you would have had to have paid there's no Actually what the trial court said was that The excerpt of record page 31 At line starting at line 15 The court said ty say's conclusion that the lead firm was not performing adequately Was apparently based largely on its position ty say's position that the lead billing enough in comparison to the two other law firms defending ty say and the reason At a tremendous rate that did not need to happen and so that is the Delta We have the bills from beforehand and we have the bills that they had to pay after and that was what the court said But even more so is I got to tell you I don't understand how that establishes anything I can give at least two factual scenarios that would lead to that result and they're very different scenarios The alternative scenario Tested in the opening brief Affirmed that you appointed decided it didn't have to do anything and so simply skated and as a result That doesn't tell me that your client has been substantially prejudiced into your clients paying the smaller legal fee That doesn't suggest substantial prejudice to landmark at all, but your honor That's exactly what the court said was that that's what they said that they were doing but the record shows That the lead firm was going to every single deposition every single site inspection every single court appearance They were doing all the work. They just weren't billing it like the younger. No, so isn't your burden? Show that the lead But the settlement ultimately was Your honor I would I disagree with that contention because the idea is that therefore in a that's the reason why these first-party auto cases and carrying that over into third party liability situation Simply doesn't work because what happens is is that you have let's say let's say there are multiple other carriers. Let's just say that the Hires the law firm that That situation what happens is the carrier then Or state travelers went and said you're off the case. You know, we would offer the defense I say said no, you can't do that We continue to defend and then file the lawsuit Taisei says no, you can't do that. So the only remedy so that a carrier has to enforce its Obligation to defend is to wait until the end of the case three four years down the road and Somehow try to prove that there was outcome if I was a policyholder counsel my I would tell my client every time that to simply Wait a little while and fire the council and put on who you want that throws independent that throws the cumulus law Independent counsel out the window that throws everything out the window there we lose the right to defend because they get to make a decision and Have to prove substantial prejudice at the end of the day that simply can't work Context I think it's important to recognize that Taisei was being defended All that's there were 11 or 12 other carriers through Taisei Poppo who were defending Of substantial prejudice. This is not a case where firing counsel as he says or asking that counsel to withdraw then Because I say was defended the entire time through other counsel so there's no Contribution by landmark, they don't even claim it wasn't any contribution by landmark to the resolution of the Wilshire underlying Wilshire, Vermont case So they paid nothing in any indemnity Your honors I frankly They're simply not in the record these claims that mr. Young German the counsel for Taisei lied simply not in the record It wasn't capable, but simply not in the record and not true In that decision except for the principle and dispositive fact that this matter was decided after the resolution That's the sole basis that the remand happened in travelers was Not there had been substantial prejudice in light of the resolution Well here we have the resolution and landmark did not pay Anything was not harmed at all by that resolution cannot establish any substantial prejudice Landmark claims that the prejudice is they didn't have the right to use the counsel. They wanted to use but that's not prejudice at all In fact, they'd now point to this eight hundred or nine hundred thousand dollars They claim they spent to the younger minute making that firm after July 20th 2015, but that was purely voluntary They decided to join They trumpet the duty to defend but they don't like the fact that they had to pay defense costs That's not prejudice Question of could they have settled for less? Well, we have what's in the record if you look at page 19 of our brief To 30 b6 witnesses and outside adjuster and Astro and Miss Merrick who say that they had no objections to the resolution How much was paid I don't think that mr. At all can point to any substantial prejudice that occurred here and therefore I don't think this matter Instructions that judgment be entered on behalf of Tysay because they're Completed never proven and cannot The actual substantial prejudice grew out of They have to make that showing Because you don't even your client would not even have to have to say there's a conflict of interest to get the right To that I think the key minister the 2860 argument is really a red herring because in the 2860 environment what the insured is trying to do is to get the carrier to pay for the insurance own selected counsel here But that's not what was happening here Tysay wanted a performing counsel and I think the inference is really pretty clear here Landmark and travelers didn't want to join in what proved to be a very expensive defense in a case that had you know as a Much construction defects Massive massive attorneys fees 15 million dollars. Mr. Williams. Correct. There was also some 15 million dollars of costs principal expert costs landmark and Travelers simply did not want to join. I don't have to share in the real actual burden of that but I Say in asking the lead firm to withdraw Asking that Landmark be forced to pay for its own selected counsel. That's not The parade of horribles that it will free up of an insured to suddenly be able to pick its own counsel It's simply not usually happens. If you look outside the typical construction defect situation, you typically have one carrier Defense counsel, why would an insured? They fire defense counsel appointed by the carrier only to have to pick up the fence all by itself as California law says one of the principal benefits and insurance policy is the duty defend that is provided to an insured and insured At defense which is the principal benefit oftentimes in this situation No further questions Insurance company versus Tice a construction corporation I'll take a phm productions versus starline tours of Hollywood Thank you, thank you very much counsel
judges: Wardlaw, Clifton, Hillman